UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

**HEATHER RAPOZA,**

**07 - 13097**

        **Plaintiff,**

CASE No.: 07-    CZ

    v.



HON. **ARTHUR J. TARNOW**

MAGISTRATE JUDGE MAJZOUB

**EASTERN MICHIGAN UNIVERSITY, a public university,
DR. LYNN ROCKLAGE, an individual, DR. MICHAEL M. BRETTING, an
individual, DR. LIZBETH STEVENS, an individual,  CLAUDIA GALLI, an
individual, HEATHER TOBIN, an individual, DENISE KOWALSKI, an individual,
SHELIA BENTRUM, an individual, and DR. LIDIA LEE, an individual,**

        **Defendants.**

Marlo D. Bruch-Barrett (P70362)
Fixel Law Offices, PLLC
4990 Northwind Drive, Ste 121
East Lansing, MI  48823
(517) 332-3390

F I L E D

JUL 2 4 2007

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or

occurrence alleged in the complaint.  Plaintiff Heather Rapoza ("Plaintiff"), an

individual, complains and alleges as follows:

### JURISDICTION

1.  This is an action for wrongful academic dismissal in violation of 42 U.S.C.

§1983, failure to take all reasonable steps necessary to prevent retaliation and hostile

academic learning environment, breach of implied contract, public policy against

wrongful academic dismissal, intentional infliction of emotional distress, negligent

1

infliction of emotional distress, negligent hiring, negligent retention and supervision and the common law of the State of Michigan.

2.  The court has personal jurisdiction over the Defendant Eastern Michigan University because it is a public educational institution in the State of Michigan.

3.  Plaintiff, Heather Rapoza is an individual who, at all times during the events alleged in the Complaint, was a graduate student of the Speech Language Pathology Program at Eastern Michigan University located in Ypsilanti, Michigan.

4.  Defendant Dr. Lynne Rocklage is an individual who serves as the Academic Department Head of the Department for Special Education at Eastern Michigan University located in Washtenaw County in the State of Michigan.

5.  Defendant Dr. Michael M. Bretting is an individual, who at all times of the events alleged in the Complaint, was the Special Education Associate Academic Dean at Eastern Michigan University located in Washtenaw County in the State of Michigan.

6.  Defendant Dr. Lizbeth Stevens is an individual, who at all times of the events alleged in the Complaint, was a Special Education Associate Professor at Eastern Michigan University located in Washtenaw County in the State of Michigan.

7.  Defendant Claudia Galli is an individual, who at all times of the events alleged in this Complaint, was a clinical supervisor at Eastern Michigan University located in Washtenaw County in the State of Michigan.

8.  Defendant Heather Tobin is an individual, who at all times of the events alleged in this Complaint, was a clinical supervisor at Eastern Michigan University located in Washtenaw County in the State of Michigan.

9.  Defendant Denise Kowalski is an individual, who at all times of the events alleged in this Complaint, was a clinical supervisor at Eastern Michigan University located in Washtenaw County in the State of Michigan.

10.  Defendant Shelia Bentrum is an individual, who at all times of the events alleged in this Complaint, was a clinical supervisor at Eastern Michigan University located in Washtenaw County in the State of Michigan.

11.  Defendant Dr. Lidia Lee is an individual, who at all times of the events alleged in this Complaint, was an associate professor at Eastern Michigan University located in Washtenaw County in the State of Michigan.

12. At all times mentioned herein, Defendants, and each of them, were the agents, representatives, employees, successors and or assigns, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors, and or assigns.

13. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant Eastern Michigan is and was a public educational institution, and is and was, at all relevant times mentioned herein, within the meaning of Michigan and Federal law.

14. Plaintiff is informed and believes, and thereon alleges, that Defendants, Dr. Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum and Dr. Lidia Lee are individuals who, at all relevant times mentioned herein were employed by Eastern Michigan University as faculty members.

15. The events giving rise to this cause of action occurred in Washtenaw County, Michigan.

16. The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees.

## BACKGROUND FACTS

17. Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 through 17 of this Complaint and hereafter as if fully restated herein.

18. Plaintiff Ms. Rapoza entered the Speech-Pathology Special Education Program in 2004 at Eastern Michigan University.

19. After receiving inadequate instruction and then course failure of the Spring/Summer 2006 semester in SPSI 528, Plaintiff Ms. Rapoza was subjected to a hostile and retaliatory academic environment as the result of the grade grievance that was filed in September 2006.

20. In October of 2006, Plaintiff Ms. Rapoza was the topic of a faculty meeting and was said to be "spreading poison throughout the clinic".

21. On October 17, 2006, Dr. Lee refused to allow Plaintiff Ms. Heather Rapoza to re-take a test (but allowed others) which adversely affected her grade in the course.

22. On November 13, 2006, Dr. Lee allowed Plaintiff Ms. Heather Rapoza to take an incomplete but directed her to discontinue coming to class and resume class the following semester.

23. On November 27, 2006, Plaintiff Ms. Rapoza met with the grievance committee.

24. On December 14, 2006, the committee denied Plaintiff Ms. Heather Rapoza'a

4

request for a grade change in Clinic I and immediately subsequent, Ms. Tobin

informed Plaintiff Ms. Heather Rapoza at the final conference that paperwork from

her file was missing and she was at risk of failing Clinic I a second time.

25.    In February of 2007, both supervisors from Ms. Heather Rapoza's clinic II

indicated performance issues and on February 22, 2007, Ms. Heather Rapoza engaged

the Support Team to assist her in planning a strategy to successfully pass the course.

26.    On March 14, 2007, Plaintiff Ms. Heather Rapoza brought a client's file home

as an accidental oversight and returned it first thing the next day.  Following the

return of the file, Ms. Galli and Dr. Perry Francis met with Ms. Rapoza to discuss the

incident.  Ms. Galli then escalated this incident to the attention of Dr. Michael

Bretting.

27.    On March 21, 2007, Ms. Kowalski indicated that the client's IEP in Plaintiff

Ms. Heather Rapoza's possession needed to be filed immediately of which Plaintiff

Ms. Heather Rapoza complied.  Later that day, Ms. Galli approached Plaintiff Ms.

Heather Rapoza and said "you did it again" in reference to the IEP.  Ms. Galli again

escalated this incident to the attention of Dr. Michael Bretting.  Dr. Bretting then

indicated that a meeting was needed to discuss the incidents that he had been made

aware of.

28.    On March 26, 2007, Plaintiff Ms. Heather Rapoza met with Dr. Bretting, Dr.

Stevens, Dr. Cupples and Ms. Galli where Plaintiff Ms. Heather Rapoza was severely

reprimanded by Dr. Bretting for the incidents of March 14 and March 21, 2007.

During this meeting, Plaintiff Ms. Heather Rapoza was informed by Dr. Bretting  that

her clients were cancelled for the remainder of the Winter 2007 semester, he was

recommending to Dr. Stevens that Ms. Heather Rapoza be given a failing grade in SPSI 538 and that he was recommending to the faculty that Plaintiff Ms. Heather Rapoza be dismissed from the Speech-Language Pathology program. See Exhibit One.

29.  On March 28, 2007, the faculty and clinical supervisors met and subsequently voted to dismiss Plaintiff Ms. Heather Rapoza from the Master of Arts in Speech-Language Pathology Program at Eastern Michigan University.

30.  In a letter dated March 29, 2007, Defendant Dr. Lizbeth Stevens identified the policy language in which articulated the terms that were used to terminate Plaintiff Ms. Rapoza from the program. The language used stated: "Does not demonstrate by performance, reasonable aptitude, maturity, stability, skill and understanding necessary for success in the professional field of education; ...". See Exhibit Two.

31.  The language in the letter dated March 29, 2007 on which Plaintiff Ms. Rapoza's academic dismissal was hinged cannot be anything other than capricious, arbitrary, overbroad and vague on its face.

32.  The academic dismissal was based on unfounded allegations that Plaintiff Ms. Rapoza violated professional ethics as Eastern Michigan University documented on March 14, 2007 in the COE clinical suites. See Exhibit Three.

33.  The Department of Special Education academic dismissal policy alleges that it provides for due process, which the department characterizes as "the student's right to 'request a meeting with the faculty to apprise them of extenuating circumstances. The decision will be final.'"

34.  Plaintiff Ms. Rapoza was advised by Defendant Dr. Stevens that she would have an opportunity to meet with the faculty before any decisions were made regarding the file incident.

35.  Regardless of what Plaintiff Ms. Rapoza had been told by Defendant Dr. Stevens, the faculty then met and voted to academically dismiss her from the program without her knowledge.

36.  Plaintiff Ms. Rapoza was advised of the meeting decision on March 30, 2007 and exercised her rights by requesting a meeting with the program area faculty and clinical supervisors which took place on April 18, 2007.

37.  Subsequent to the April 18, 2007 meeting, the faculty and staff voted unanimously to affirm their decision to academically dismiss Plaintiff Ms. Heather Rapoza from the graduate program in Speech-Language Pathology at Eastern Michigan University.

38.  Plaintiff Ms. Rapoza neither received proper representation in the April 18, 2007 meeting nor did the faculty and staff make their decision objectively.

39.  Plaintiff Ms. Heather Rapoza was told by Defendant Dr. Rocklage that there was no "provision for the participation of an advocate" and did not allow the Ombudsman or other objective advocate to attend the meeting.

40.  The faculty and staff based their decision of academic dismissal of Plaintiff Ms. Heather Rapoza from the program on retaliatory decision making reflected from their displeasure with the 2006 grade grievance.

7

41.  The faculty itself admitted during the April 18, 2007 meeting that their decision was very subjective in that there is no actual clear and concise policy regarding academic dismissal, but rather based upon interpretation.

42.  In affirmation of the statement regarding the subjectivity of the policy regarding academic dismissal, in the meeting, Defendant Dr. Lizbeth Stevens stated that even though there was verbiage for being able to work out a correction plan, this was something that could not be utilized for Plaintiff Ms. Rapoza because her alleged conduct was not something that could be "taught or corrected."

43.  In various e-mails, Plaintiff Ms. Heather Rapoza contacted the University Ombudsman and Provost to no avail.

44.  On April 19, 2007, Plaintiff Ms. Rapoza contacted the University provost asking for assistance regarding the academic dismissal and the resulting failing grade in SPSI 538.

45.  After a series of e-mails, the University provost acknowledged that their only role was to review specific procedural complaints only, not on the program or faculty interpretations of the policies or procedures themselves.

46.  On May 4, 2007, Plaintiff Ms. Rapoza was informed that a final decision had been made dismissing her from the Speech-Language Pathology program at Eastern Michigan University.

47.  Plaintiff Ms. Rapoza was deprived of both her liberty interests and property interests in her continued enrollment in the Speech-Language Pathology Special Education Program when she was wrongfully academically dismissed.

## COUNT ONE –WRONGFUL ACADEMIC DISMISSAL IN

## VIOLATION OF 42 U.S.C. §1983 – SUBSTANTIVE DUE PROCESS AGAINST ALL DEFENDANTS

48.  Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 through 48 of this Complaint and hereafter as if fully restated herein.

49.  By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorney's fees, costs of suit and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

50.  The Fifth Amendment to the Constitution made applicable to the states by the Fourteenth Amendment, prohibits persons acting under the color of the law, i.e., taking their property without justification, and acting outrageously and with intention to deprive persons of property and related rights.

51.  Plaintiff Ms. Rapoza has both a property interest and a liberty interest in her continued enrollment at Eastern Michigan University, and that the Defendants' conduct unconstitutionally deprived her of both.

52.  The courts have conceded that a student enrolled in a university academic program has a property interest in the continuation of that education and that Plaintiff Ms. Rapoza was denied this right when she was wrongfully academically terminated from her program.

53.  Defendants have violated Plaintiff Ms. Rapoza's substantive due process rights as aforesaid, and she continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.  The exact

nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of

Court to assert the same when they are ascertained. Plaintiff does not know at this time

the exact duration or permanence of said injuries, but is informed and believes, and

thereon alleges, that some if not all of the injuries are reasonably certain to be permanent

in character.

54.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of

this court.

55.   Plaintiff is informed and believes, and thereon alleges, that the Defendants Dr. Lynn

Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin,

Denise Kowalski, Shelia Bentrum, and Dr. Lidia Lee by engaging in the aforementioned

acts and, in the case of Eastern Michigan University, by ratifying such acts, engaged in

willful, malicious, intentional, oppressive and despicable conduct, and acted with willful

and conscious disregard of Plaintiff's rights, welfare, safety, and sensibilities, thereby

justifying an award of punitive and exemplary damages in an amount to be determined at

trial.

56.   As a result of Defendants' harassing and discriminatory acts as alleged herein,

plaintiff prays for injunctive and other such relief as appropriate, including reasonable

attorney's fees and costs of suit as provided in Michigan Code.

## COUNT TWO –WRONGFUL ACADEMIC DISMISSAL IN VIOLATION OF 42 U.S.C. §1983 – PROCEDURAL DUE PROCESS AGAINST ALL DEFENDANTS

57.   Plaintiff repeats and re-alleges all allegations contained in paragraphs 1 through 57

of this Complaint and hereafter as if fully restated herein.

58. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorney's fees, costs of suit and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

59. Defendants, acting under color of law have denied plaintiff the entitled procedural due process in that, her academic dismissal was based upon the fact that the faculty met and voted to dismiss her without her knowledge, thus denying her of a hearing and confrontation, and have essentially wrongfully academically dismissed the plaintiff without due process, all contrary to the Fifth and Fourteenth Amendments.

60. Defendants have violated Plaintiff Ms. Rapoza's procedural due process rights as aforesaid, and she continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

61. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

62. Plaintiff is informed and believes, and thereon alleges, that the Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum, and Dr. Lidia Lee by engaging in the aforementioned

acts and, in the case of Eastern Michigan University, by ratifying such acts, engaged in

willful, malicious, intentional, oppressive and despicable conduct, and acted with willful

and conscious disregard of Plaintiff's rights, welfare, safety, and sensibilities, thereby

justifying an award of punitive and exemplary damages in an amount to be determined at

trial.

63.   As a result of Defendants' harassing and discriminatory acts as alleged herein,

plaintiff prays for injunctive and other such relief as appropriate, including reasonable

attorney's fees and costs of suit as provided in Michigan Code.


### COUNT THREE – FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT RETALIATION AND HOSTILE ACADEMIC LEARNING ENVIRONMENT AGAINST ALL DEFENDANTS

64.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 64, as though

set forth in full.

65.   As alleged herein and in violation of 42 U.S.C. §1983, Defendants, and each of

them, breached their affirmative duty to take the reasonable steps necessary to prevent

retaliation, discrimination and harassment from occurring in the academic setting.  As a

direct and proximate result, Plaintiff was subjected to the discriminatory, retaliatory and

harassing conduct alleged herein.

66.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has

been directly and legally caused to suffer actual damages including, but not limited to,

loss of earnings and future earnings capacity, attorneys' fees, costs of suit  and other

pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

67.  As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

68.  Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

69.  Plaintiff is informed and believes, and thereon alleges, that the Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum, Dr. Lidia Lee and each of them, engaging in the aforementioned acts and, in the case of Eastern Michigan University by ratifying such acts, engaged in willful and conscious disregard of Plaintiff's rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

70.  As a result of Defendants' harassing and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

## COUNT FOUR –BREACH OF IMPLIED CONTRACT AGAINST ALL DEFENDANTS

71.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 71, as though set forth in full.

72.  As alleged herein, Defendant Eastern Michigan University breached the implied contract that Plaintiff had with Eastern Michigan University when it brought about the wrongful academic dismissal of Plaintiff in retaliation for filing a grade grievance.

73.  By the aforesaid acts and omissions of Defendants, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earnings capacity, attorneys' fees, costs of suit  and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

74.  As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

75.  Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

76.  Plaintiff is informed and believes, and thereon alleges, that the Defendants, Dr. Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum, Dr. Lidia Lee and each of them, engaging in the

aforementioned acts and, in the case of Eastern Michigan University by ratifying such acts, engaged in willful and conscious disregard of Plaintiff's rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

77. As a result of Defendants' harassing, retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

## COUNT FIVE –PUBLIC POLICY AGAINST WRONGFUL ACADEMIC DISMISSAL AGAINST ALL DEFENDANTS

78. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 78, as though set forth in full.

79. As alleged herein and in violation of Michigan's Public Policy, Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum and Dr. Lidia Lee while acting in the course and scope of their employment with Eastern Michigan University committed unprofessional conduct in their decision regarding dismissing Plaintiff from her academic program at Eastern Michigan University based upon retaliation.

80. It is against public policy to wrongfully academically dismiss a student based on language out of the student policy handbook that is capricious, arbitrary, overbroad and vague on its face.

81. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earnings capacity, attorneys' fees, costs of suit  and other

pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

82.  As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

83.  Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

84.  Plaintiff is informed and believes, and thereon alleges, that the Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum, Dr. Lidia Lee and each of them, engaging in the aforementioned acts and, in the case of Eastern Michigan University by ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of Plaintiff's rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

85.  As a result of Defendants' harassing, retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

## COUNT SIX –INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

86.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 86, as though set forth in full.

87.  Defendants, and each of them, engaged in extreme and outrageous conduct by intentionally and/or recklessly allowing Plaintiff to be wrongfully academically dismissed from her program and to be subjected to harassment, discrimination, and retaliation.  Defendants, and each of them, ratified such conduct by failing and/or refusing to take any and all reasonable steps necessary to prevent such conduct from occurring, by failing to take appropriate corrective action following such conduct, and, in the case of Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum and Dr. Lidia Lee by engaging in the conduct as alleged herein.  As a direct and legal result, Plaintiff was harmed, and continues to suffer harm, in an amount to be proven at trial.

88.  Plaintiff repeatedly requested that the Defendants allow her to stay in her academic program, but, despite her requests, Defendants chose to wrongfully academically dismiss Plaintiff.

89.  Despite the fact that Plaintiff requested for assistance from the University provost about the discriminatory, retaliatory and harassing conduct to which she was being subjected, Plaintiff is informed and believes, and thereon alleges, that Eastern Michigan University its agents and/or assigns, failed to investigate the matter in an adequate manner necessary to prevent foreseeable harm to Plaintiff.

90.  As a further direct and legal result of Defendants' willful, wanton, intentional, malicious and/or reckless conduct, Plaintiff has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

91.  Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

92.  Plaintiff is informed and believes, and thereon alleges, that the Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum, Dr. Lidia Lee and each of them, engaging in the aforementioned acts and, in the case of Eastern Michigan University by ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of Plaintiff's rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

93.  As a result of Defendants' harassing, retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

## COUNT SEVEN –NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

94.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 94, as though set forth in full.

95.  As a student of Eastern Michigan University, Plaintiff was owed a duty of care by Defendants, and each of them, to ensure that she was not exposed to foreseeable harm.

96.  Defendants, and each of them, knew, or should have known, that Plaintiff was being subjected to discrimination, harassment and retaliation, and that by failing to exercise due care to prevent Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum, Dr. Lidia Lee and any other Eastern Michigan University employee, officer, agent, or supervisor from engaging in a harassing, discriminatory, and retaliatory course of conduct could and would cause Plaintiff to suffer severe emotional distress.

97.  Defendants, and each of them, failed to exercise their duty of due care to prevent their employees, faculty members, clinical supervisors and/or staff from harassing, discriminating and retaliating against Plaintiff.

98.  As a further direct and proximate result of Defendants' willful, wanton, intentional, malicious and/or reckless conduct, Plaintiff has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

99.  Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

100.  Plaintiff is informed and believes, and thereon alleges, that the Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum, Dr. Lidia Lee and each of them, engaging in the aforementioned acts and, in the case of Eastern Michigan University by ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of Plaintiff's rights, welfare, and safety, thereby justifying an award of punitive and exemplary damages in an amount to be determined at trial.

101.  As a result of Defendants' harassing, retaliatory and discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

## COUNT EIGHT –NEGLIGENT HIRING AGAINST DEFENDANT EASTERN MICHIGAN UNIVERSITY

102.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 102, as though set forth in full.

103.  Defendant Eastern Michigan University owed Plaintiff a duty to protect her from employees who it knew or should have known created a risk of injury to her.  Defendant Eastern Michigan University breached such duty by hiring Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting Dr. Lizbeth Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum and Dr. Lidia Lee.  The Defendant Eastern Michigan University knew, or should have known with reasonable diligence, that it should have not

20

hired Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting Dr. Lizbeth Stevens,
Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum and Dr. Lidia Lee
because they are not fit for the workplace.

104.   As a proximate result of the acts and conduct of Defendant Eastern Michigan
University in hiring Defendants Dr. Lynn Rocklage, Dr. Michael M. Bretting Dr. Lizbeth
Stevens, Claudia Galli, Heather Tobin, Denise Kowalski, Shelia Bentrum and Dr. Lidia
Lee, Plaintiff has been caused to and did suffer and continues to suffer from severe
emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain,
discomfort, and anxiety. The exact nature and extent of said injuries is presently
unknown to Plaintiff, who will seek leave of Court to assert the same when they are
ascertained. Plaintiff does not know at this time the exact duration or permanence of said
injuries, but is informed and believes, and thereon alleges, that some if not all of the
injuries are reasonably certain to be permanent in character.

105.   Plaintiff has been generally damaged in an amount within the jurisdictional limits
of this Court.

106.   Plaintiff is informed and believes, and thereon alleges, that the Defendants Dr.
Lynn Rocklage, Dr. Michael M. Bretting Dr. Lizbeth Stevens, Claudia Galli, Heather
Tobin, Denise Kowalski, Shelia Bentrum, Dr. Lidia Lee and each of them, engaging in
the aforementioned acts and, in the case of Eastern Michigan University by ratifying such
acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and
acted with willful and conscious disregard of Plaintiff's rights, welfare, and safety,
thereby justifying an award of punitive and exemplary damages in an amount to be
determined at trial.

107.   As a result of Defendants' harassing, retaliatory and discriminatory acts as alleged

herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

## COUNT NINE –NEGLIGENT RETENTION AND SUPERVISION AGAINST DEFENDANT EASTERN MICHIGAN UNIVERSITY

108.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 108, as

though set forth in full.

109.   Defendant Eastern Michigan University owed Plaintiff a duty to protect her from

employees who it knew or should have known created a risk of injury to her.  Defendants

Eastern Michigan University breached such duty by failing to adequately supervise the

workplace despite the fact that it knew, or should have known, that the workplace was

infested with behavior which was hostile, offensive, and demeaning to Plaintiff and other

students.

110.   As a proximate result of the acts and conduct of Defendants, and each of them,

Plaintiff has been caused to and did suffer and continues to suffer from severe emotional

and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort,

and anxiety.  The exact nature and extent of said injuries is presently unknown to

Plaintiff, who will seek leave of Court to assert the same when they are ascertained.

Plaintiff does not know at this time the exact duration or permanence of said injuries, but

is informed and believes, and thereon alleges, that some if not all of the injuries are

reasonably certain to be permanent in character.

111.   Plaintiff has been generally damaged in an amount within the jurisdictional limits

of this Court.

112.  Plaintiff is informed and believes, and thereon alleges, that the Defendants Dr.
Lynn Rocklage, Dr. Michael M. Bretting, Dr. Lizbeth Stevens, Claudia Galli, Heather
Tobin, Denise Kowalski, Shelia Bentrum, Dr. Lidia Lee and each of them, engaging in
the aforementioned acts and, in the case of Eastern Michigan University by ratifying such
acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and
acted with willful and conscious disregard of Plaintiff's rights, welfare, and safety,
thereby justifying an award of punitive and exemplary damages in an amount to be
determined at trial.

113.  As a result of Defendants' harassing, retaliatory and discriminatory acts as alleged
herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

PLAINTIFF REQUESTS that this court enter judgment against Defendants as follows:

1.  compensatory damages in whatever amount above $75,000 she is found to be
    entitled;

2.  exemplary damages in whatever amount above $75,000 she is found to be
    entitled;

3.  Compensate Plaintiff for her pain and suffering in the amount as the jury finds
    appropriate;

4.  Compensate Plaintiff for defamation of character in the amount as the jury finds
    appropriate;

5.  Reimburse Ms Rapoza for her attorney fees and costs incurred as a result of the
    drastic and upsetting course of events;

6.  That all communications concerning Ms. Rapoza's graduate studies at Eastern
    Michigan University either be time-stamped written correspondence or e-mail
    once she is reinstated into the program;

7.  That the decision to have Ms. Rapoza dismissed from the program based upon
    that she breached client confidentiality be reversed;

8. That the grievance from Winter 2006 be reversed and a change of grade from a B- to a passing B due to wrongful subjective grading and the untimely and delayed grievance process;

9. That the Fall 2006 clinic be considered Clinic II for the SLP program since Ms. Rapoza has satisfied the academic requirements;

10. Provide immediate Injunctive Relief by reinstating Ms. Rapoza in her academic program;

11. Provide an injunction preventing all Defendants including but not limited to: Eastern Michigan University faculty including clinical staff, its agents, representatives, and employees from further acts of discrimination or retaliation;

12. Provide removal of all negative academic documentation concerning this wrongful academic dismissal from Ms. Rapoza's school file;

13. Fully compensate Ms. Rapoza for the class that she was wrongfully failed just prior to her wrongful academic dismissal;

14. A written apology from Dr. Bretting, faculty and supervisors;

15. Provide Ms. Rapoza the discretion to set-up the two required internships herself;

16. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## VERIFICATION

I, Heather Rapoza, have read and made this verified complaint and attest that those facts stated of my own knowledge are true and those matters stated of which I have been informed I believe to be true after reasonable inquiry.

_Heather Rapoza_
**Heather Rapoza**

Respectfully Submitted,

Fixel Law Offices, PLLC

Dated: 7-24-07

_Marlo D. Bruch-Barrett_
Marlo D. Bruch-Barrett   (P70362)
Attorney for Plaintiff
4990 Northwind Drive, Ste 121
East Lansing, MI  48823

(517) 332-339

## PLAINTIFF'S DEMAND FOR JURY TRIAL

I, Heather Rapoza, hereby demand a jury trial.

Fixel Law Offices, PLLC
Marlo D. Bruch-Barrett (P70362)

Dated: _7-24-01_

By: _Marlo D. Bruch-Barrett_
Marlo D. Bruch-Barrett (P70362)

Attorney for Plaintiff
Heather Rapoza

JS 44 (Rev. 11/04)     **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Heather Rapoza

**DEFENDANTS**
Eastern Michigan University, a public university, et al.

**(b)** County of Residence of First Listed Plaintiff    Monroe County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Washtenaw County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marlo D. Bruch-Barrett (P70362), Fixel Law Offices PLLC, 4990 Northwind Drive, Ste. 121, East Lansing, MI 48823, (517) 332-3390

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

*440*

## V. ORIGIN (Select One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause:
Violations of Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**     CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE       DOCKET NUMBER

DATE
July 23, 2007

SIGNATURE OF ATTORNEY OF RECORD
*Marlo D. Bruch-Barrett*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1.　　　　Is this a case that has been previously dismissed?　　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　Other than stated above, are there any pending or previously
　　　　　discontinued or dismissed companion cases in this or any other　　☐ Yes
　　　　　court, including state court? (Companion cases are matters in which　☑ No
　　　　　it appears substantially similar evidence will be offered or the same
　　　　　or related parties are present and the cases arise out of the same
　　　　　transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :